IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
GEOFFREY ADAMS,                         :
                    Petitioner,         :
                    v.                  : Case No. 2:06-556-NBF-KAP
ROBERT SHANNON, SUPERINTENDENT,         :
S.C.I. FRACKVILLE,                      :
                    Respondent          :
```

## Report and Recommendation

### Recommendation

Petitioner, incarcerated at S.C.I. Frackville, is serving an aggregate term of 15-30 years imprisonment imposed by the Court of Common Pleas of Allegheny County on June 29, 1988, after his conviction for rape and related offenses. He has filed a petition for writ of habeas corpus, docket no. 2, seeking a new trial. I recommend that the petition and a certificate of appealability be denied.

### Report

Petitioner was convicted of rape and related offenses (involuntary deviate sexual intercourse, unlawful restraint, corruption of a minor) based on testimony that on the evening of August 16, 1984, he sexually assaulted a thirteen year-old girl he was driving to a party. Petitioner contends that his conviction is invalid because of prosecutorial misconduct in failing to disclose Brady evidence allegedly showing that the victim did not want to press charges, and that he received ineffective assistance of counsel because his attorney failed to discover or disclose the alleged prosecutorial misconduct. These claims were raised for the

first time in November 2005, and were dismissed as untimely by the state court.  Petitioner argues here, as he did in the state court, that those claims are timely because they are based upon newly discovered evidence.  docket no. 2, Petition; see also docket no. 17, Reply.  Petitioner states that in September 2005, he requested and for the first time received a copy of the Office of the Public Defender's file on his case.  Contained therein was a copy of an "Application for Continuance of Preliminary Hearing," which Detective Thomas J. McCue had filed in the Court of Common Pleas in November 1984.  The application recited that the victim's mother was a drug addict and was unreliable about bringing her daughter to court, and that a bench warrant would be sought from Judge Dauer, the long-time Administrative Judge of that court's Criminal Division.  Petitioner argues that McCue's averments in the document demonstrate that the prosecution lied to the state court about the victim's willingness to testify, and asserts that neither the prosecution nor his defense attorneys ever disclosed the Application for Continuance to him.  Petitioner asserts that his attorneys colluded with the prosecution by not disclosing the Application for Continuance.  docket no. 2, Petition.  I follow petitioner's argument, but reject his two implicit subsidiary premises that an allegation that the mother was unreliable in getting her daughter to court is equivalent to the allegation that the daughter was unwilling to testify, and that the unwillingness

2

of a witness to testify (without any further information about the reasons for that unwillingness) is exculpatory evidence.  Even if petitioner were to supply evidence on those two necessary points, however, procedural barriers prevent this Court from considering his claims.

I.

The history of this matter begins more than twenty years ago; the relevant parts of the state court record were filed by respondent as numbered exhibits attached to docket no. 12 through docket no. 16.  On August 24, 1984, an information was filed in the Court of Common Pleas of Allegheny County charging petitioner with rape, involuntary deviate sexual intercourse, unlawful restraint, simple assault and corrupting the morals of a minor based on allegations that he had sexually assaulted a thirteen year-old girl on or about August 17, 1984.  In a second information filed on January 4, 1985, which was consolidated with the first for trial, petitioner was charged with recklessly endangering the life of a police officer.  This charge was based on allegations that petitioner crashed through a police roadblock to avoid being arrested on the sexual assault charges.  David Rothey, Esquire, of the Public Defender's Office, was appointed to represent petitioner on both informations.

A preliminary hearing on the sexual assault charges was scheduled for November 8, 1984.  On that date, Detective McCue

3

filed an "Application for Continuance of Preliminary Hearing," docket no. 16, Exhibit 67.   McCue averred that mother of the alleged victim was served with a subpoena for the preliminary hearing but that the mother failed to comply with the subpoena, and that: "Mother is known to be drug addict and uncooperative with police and therefore child not here for hearing.   Bench warrant will be obtained from Judge Dauer to have child present on November 19, 1984."   docket no. 16, Exhibit 67.   The continuance was granted, the preliminary hearing was eventually conducted, and all charges were held for court.

On March 19, 1985, the Honorable J. Quint Salmon of the Court of Common Pleas of Allegheny County called the matter for trial.   The prosecution and the defense made opening statements to the jury, and the trial adjourned for the day without testimony. The next day several prosecution witnesses, including the alleged victim, failed to appear on time.   The prosecution informed Judge Salmon that it expected the witnesses to appear shortly, but Judge Salmon granted Rothey's motion to dismiss for failure to prosecute. On March 25, 1985, Judge Salmon issued an order vacating the order of dismissal as improvidently granted, declared a mistrial, and ordered the matter listed for retrial.   docket no. 12, Exhibit 7.

For the next two years, petitioner (represented by Rothey and the Public Defender) vigorously challenged this ruling in state court as a violation of the Double Jeopardy Clause.   docket no. 12,

4

Exhibits 14-18.   Petitioner did not raise any claims regarding McCue or the Application for Continuance of Preliminary Hearing. Petitioner's attempts to prevent retrial were unsuccessful, see docket no. 12, Exhibit 20, Commonwealth v. Adams, No. 446 Pittsburgh 1985, slip op. (Pa.Super. Jan. 10, 1986); docket no. 12, Exhibits 21, 24.

Petitioner proceeded to trial on September 14-16, 18, and 21, 1987, before the Honorable Joseph James.  See Trial Transcript, docket no. 13, Exhibits 26(a)-(h); docket no. 14, Exhibits 26(i)-26(l).  Chris Rand Eyster, Esquire, of the Public Defender's Office represented petitioner.  Eyster filed an omnibus pre-trial motion seeking to sever the reckless endangerment charge from the sexual assault charges, docket no. 12, Exhibit 25, which Judge James denied, docket no. 13, Exhibit 26a at 7-15.  On September 21, 1987, the jury convicted petitioner of rape, involuntary deviate sexual intercourse, unlawful restraint, simple assault, and corruption of minors, and acquitted petitioner of the reckless endangerment charge.

Petitioner, through newly-appointed counsel, John Elash, Esquire, filed a motion for new trial or for arrest of judgment, docket no. 15, Exhibits 28, 29, claiming that the trial court erred in denying severance of the reckless endangerment charge from the sexual assault charges, that the verdict was against the weight of the evidence, that the evidence was insufficient to support the

verdicts, and that Eyster had been ineffective in several respects, but there were no claims regarding McCue's Application for Continuance.  docket no. 15, Exhibits 28, 29.  Judge James denied the motion and imposed an aggregate sentence of 15-30 years imprisonment on June 29, 1988.  Elash represented petitioner in his direct appeal to the Superior Court of Pennsylvania, raising the single claim that the evidence was insufficient to support the verdicts.  docket no. 15, Exhibit 34.  On June 16, 1989, the Superior Court affirmed the judgment of sentence.  docket no. 15, Exhibit 36, Commonwealth v. Adams, No. 1096 Pittsburgh 1988, slip op. (Pa.Super. June 16, 1989).  Elash filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied without opinion on October 30, 1989.  docket no. 15, Exhibit 38, Commonwealth v. Adams, No. 394 W.D. Alloc. Dkt. 1989 (Pa. Oct. 30, 1989).  Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States.

Petitioner's direct appeal ended and his judgment of sentence became final on January 29, 1990, when the ninety-day period for filing a petition for writ of certiorari expired.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.2000) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit for filing a writ of certiorari in the United States Supreme Court); see also Kapral v. United States, 166 F.3d 565, 575-77 (3d

Cir.1999).

On February 13, 1990, petitioner filed a timely pro se petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§ 9541 et seq. docket no. 15, Exhibit 39. Petitioner alleged that Elash had been ineffective for failing to raise additional claims on direct appeal. Judge James denied petitioner's petition as raising only issues which had been previously litigated, docket no. 15, Exhibit 41-44, but because state law gave petitioner the right to the assistance of counsel in prosecuting the first PCRA petition the Superior Court issued an order vacating that denial and remanding for appointment of counsel. docket no. 15, Exhibit 45, Commonwealth v. Adams, No. 1050 Pittsburgh 1990, slip op. (Pa.Super. August 28, 1991). On remand, Judge James appointed Richard Narvin, Esquire to represent petitioner, and Narvin filed an amended PCRA petition on July 8, 1995, docket no. 16, Exhibit 48, raising two claims: 1) Eyster was ineffective for failing to call Rebecca Tinsley as a witness for the defense because Tinsley would have testified that the victim told her that petitioner had not raped her; and 2) Elash was ineffective for failing to preserve on direct appeal the claim that the denial of severance of the reckless endangerment charge was error. At trial, Eyster had placed on the record that he had interviewed Tinsley and decided not to call her as a witness. Eyster did not give any reasons for his decision.

7

On March 11, 1996, Judge James issued an Order of Court denying the amended PCRA petition without a hearing.   docket no. 16, Exhibits 54 & 55, Commonwealth v. Adams, No. CC 84-10604, slip op. (C.P. Allegheny Mar. 11, 1996).   Judge James appointed Frank E. Reilly, Esquire to represent petitioner on appeal.   Reilly claimed that Judge James erred in denying relief on the two claims Narvin had raised in the amended PCRA petition.   docket no. 16, Exhibit 60.   On May 26, 1998, the Pennsylvania Superior Court issued a Memorandum Order that addressed petitioner's claims on the merits, rejected them, and affirmed the denial of PCRA relief. docket no. 16, Exhibit 62, Commonwealth v. Adams, No. 379 Pittsburgh 1996, slip op. (Pa.Super. May 26, 1998).   Petitioner alleges that he told Reilly to file a petition for allowance of appeal in the Supreme Court of Pennsylvania; no such petition was filed.

On September 21, 1998, petitioner submitted to this Court a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, docket no. 16, Exhibit 63.   The petition was docketed at Adams v. Rosemeyer, C.A. No. 98-241J, and assigned to the Honorable D. Brooks Smith, who referred the case to me.   In that petition, petitioner claimed that: 1) Eyster was ineffective for failing to call Rebecca Tinsley as a witness for the defense; 2) Judge James erred in not conducting an evidentiary hearing on the PCRA petition; 3) Reilly was ineffective on the appeal from the denial

of the PCRA; and 4) Reilly was ineffective for failing to file a petition for allowance of appeal to the Pennsylvania Supreme Court. Petitioner also raised a claim that the Pennsylvania Department of Corrections had not given him credit for time spent in prison between 1984 and 1988, but that claim was administratively resolved and withdrawn.   docket no. 16, Exhibit 63, Exhibit 65 at 2 n.2.

On February 7, 2000, I issued a Report and Recommendation, docket no. 16, Exhibit 65, recommending that the petition be dismissed without prejudice as unexhausted because petitioner had failed to file a petition for allowance of appeal with the Supreme Court of Pennsylvania challenging the Superior Court's denial of PCRA relief.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")  At that time, precedent required petitioner to file a petition for allowance of appeal with the Supreme Court of Pennsylvania to exhaust his claims in state court. Later that year, the Pennsylvania Supreme Court would issue In re: Exhaustion of State Remedies in Criminal and Post- Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May

9, 2000)(per curiam), which removes the requirement of pursuing discretionary review by the Pennsylvania Supreme Court, see Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).  Order 218 does not, however, apply retroactively to matters in which the time for filing a petition for allowance of appeal expired prior to May 9, 2000.  Wenger v. Frank, 266 F.3d 218, 226 (3d Cir. 2001) ("We hold that Order 218 does not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the order.")

Because petitioner's alternatives were lack of exhaustion and procedural default, in my Report and Recommendation I advised petitioner that the Pennsylvania Supreme Court might offer petitioner relief nunc pro tunc if petitioner's allegation were true that counsel failed to file a petition for allowance of appeal notwithstanding petitioner's request that one be filed.  docket no. 16, Exhibit 65 at 4-5.  On April 7, 2000, Judge Smith adopted the Report and Recommendation and dismissed petitioner's petition without prejudice for failure to exhaust state remedies.  docket no. 16, Exhibit 66.  There was no appeal.

Petitioner alleges he submitted, apparently in response to my Report and Recommendation, a "Petition for Allowance of Appeal nunc pro tunc And Appointment of Counsel to the Supreme Court of Pennsylvania," and a motion for a continuation of his in forma pauperis status to the Court of Common Pleas on March 21,

10

2000.  The petition was never acted on: respondent has no record
of this pleading and suggests that it never was filed.  Petitioner
attached the document to his Reply in this matter, docket no. 17,
Exhibit A.  Under Rule 7 of the Rules Governing Section 2254 Cases
in the United States District Courts, federal district courts may
expand the record in a case to include "additional materials
relevant to the determination of the merits of the petition."  The
Advisory Committee Notes state that Rule 7's purpose is to
"eliminate some unnecessary hearings."  Because the validity of the
document is not material, I consider it to have been filed (I make
no finding whether the petition was properly filed in the Court of
Common Pleas or should have been filed in the Pennsylvania Superior
Court) but not docketed or preserved.

Both petitioner and respondent agree that no activity
occurred on the Common Pleas Court docket from March 2000 until
November 15, 2005, when petitioner filed a pro se "Motion to
Supplement Petition for Allowance of Appeal Nunc Pro Tunc," docket
no. 16, Exhibit 67, raising for the first time the prosecutorial
misconduct claim and related ineffective assistance of counsel
claim he asserts in his federal petition.  Petitioner claimed that
he was amending the petition for allowance of appeal nunc pro tunc
that he submitted in March 2000.

On January 27, 2006, Judge James issued a memorandum
opinion denying the motion to supplement.  docket no. 16, Exhibit

11

70, <u>Commonwealth v. Adams</u>, No. CC 84-10604, slip op. (C.P. Allegheny Jan. 27, 2006). He stated that the Clerk of Courts had no record of having received the March 2000 petition for allowance of appeal <u>nunc</u> <u>pro</u> <u>tunc</u>. In addition, Judge James explained that state law required that petitioner's motion to supplement be treated as a second PCRA petition, and considered as a PCRA petition the motion to supplement was untimely because it was filed beyond the PCRA's one-year statute of limitations, 42 Pa.C.S.§ 9545(b). Judge James rejected petitioner's contention that the petition was timely because the evidence upon which he was relying was newly discovered:

> [T]he Petitioner states that the purported new evidence "was discovered by the Petitioner during research on [reference to pending petition filed on March 21, 2000, to which the Clerk of Courts does not have a record of having received]". The Petitioner, in his response to the Order to dismiss his second PCRA petition, claims that "due to evidence being withheld by the district attorney and trial counsel … is why, after exercising due diligence, the Petitioner could not obtain the evidence." The Petitioner obtained his purported new evidence upon requesting copies of al[l] records contained in his file at the Public Defender's Office. However, the Petitioner does not explain why this evidence could not have just as easily been obtained by requesting copies of his file within one year after the judgment against him became final. Also, the Petitioner's claim that this evidence was withheld from him at trial does not provide support for the proposition that the new evidence could not have been ascertained earlier through the exercise of due diligence.

docket no. 16, Exhibit 70, <u>Commonwealth v. Adams</u>, No. CC 84-10604, slip op. at 2.

On February 14, 2006, petitioner submitted a <u>pro</u> <u>se</u> notice of appeal to the Superior Court. docket no. 16, Exhibit 71.

12

On February 15, 2006, the Superior Court sent a letter to the Clerk of Courts of the Allegheny County Court of Common Pleas returning the notice of appeal. The letter stated that when petitioner amended his proof of service to verify that the court reporter and trial court received a copy, the appeal could be returned to the Superior Court. docket no. 16, Exhibit 72. The Superior Court's letter reflects that a copy of the letter was mailed to petitioner. Id. Petitioner did not amend his proof of service as the Superior Court directed.

In April 2006, petitioner filed the petition before this Court. Petitioner does not assert the claims that he raised in his 1998 federal habeas petition. Rather, he claims that Judge James erred in treating his November 2005 motion to supplement as a second PCRA petition and denying it as untimely. He contends that the denial was due to fraud or a breakdown at the Common Pleas Court, which resulted in a failure to docket the March 2000 petition for allowance of appeal nunc pro tunc. Petitioner also asserts directly the claims of prosecutorial misconduct and ineffective assistance of counsel described above, contending that he first discovered them in the fall of 2005. Petitioner argues that the Application for Continuance filed by McCue demonstrates that the prosecutor at his first trial committed misconduct by "duping" the trial court when the prosecutor allegedly knew but did not inform the court that the victim failed to appear to testify

13

against petitioner because the victim did not want to press charges against him.  He also claims that the prosecution forced the victim to testify against him at the second trial "due to Detective McCue's threat to put her and/or the mother in jail if she didn't cooperate." docket no. 17 at 3.  Finally, petitioner contends that his previous counsel were ineffective for failing to inform him of the statements McCue made in the Application for a Continuance, and for allegedly colluding with the prosecution.  Petitioner also may be asserting a claim that Reilly was ineffective for failing to file a petition for allowance of appeal after the Pennsylvania Superior Court affirmed the denial of his first PCRA petition, but the ineffectiveness of counsel in a collateral attack on a conviction cannot be the basis for habeas relief.  28 U.S.C.§ 2254(i); see Coleman v. Thompson, 501 U.S. 722, 755-57 (1991).

## II.

### A.

Respondent contends that because the instant petition follows petitioner's 1998 federal habeas petition, it is subject to the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, (AEDPA): "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C.§

2244(b)(3)(A).    Petitioner neither received nor sought such authorization.  Respondent contends that this Court should transfer the petition to the Court of Appeals to determine whether such authorization should be given.  docket no. 12, Answer at 19-22. This is incorrect: because the habeas corpus petition filed in 1998 was dismissed without prejudice for failure to exhaust, this petition is not "second or successive" for purposes of 28 U.S.C.§ 2244(b).  Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); see also Christy v. Horn, 115 F.3d 201, 208 (3d Cir.1997) ("We hold that when a prior petition has been dismissed without prejudice for failure to exhaust state remedies, no such authorization is necessary and the petitioner may file his petition in the district court as if it were the first such filing.")

B.

Petitioner claims that Judge James erred in treating his November 2005 motion to supplement as a second PCRA petition and dismissing it as untimely under 42 Pa.C.S.§ 9545(b).  He argues that the state court's decision resulted from "fraud" or a "breakdown" in the state court, namely the failure to file the petition to have his PCRA appellate rights reinstated nunc pro tunc.  Even assuming that the failure to file the petition in March 2000 "caused" Judge James to treat the new claims alleged in 2005 as a second PCRA petition, which is a doubtful proposition, petitioner would not be entitled to federal habeas corpus relief.

15

To obtain relief, petitioner must show that his **federal** constitutional rights were violated.   28 U.S.C. §§ 2241(c)(3); 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); e.g, Johnson v. Rosemeyer, 117 F.3d 104, 109-12 (3d Cir.1997).  An error in a state court's application of state law such as Judge James asserted error in applying the PCRA's limitations provisions, even when that error is asserted to be based on a misapprehension of the facts, does not state a basis for a federal habeas claim.  Estelle, 502 U.S. at 67-68.

Petitioner's underlying contention that the state court mishandled the March 2000 petition to reinstate his PCRA appellate rights nunc pro tunc does not entitled him to federal habeas corpus relief, either.  The Court of Appeals has described the limited scope of federal habeas review as follows:

The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States.  28 U.S.C. §§ 2254, 2255.  Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.

Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) (internal citations omitted) (emphasis added); see also Lambert, 387 F.3d at 247 ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.")  While delay in handling collateral attacks on a conviction can excuse

16

exhaustion and allow a federal court to consider a petitioner's properly preserved claims on their merits, Lee v. Stickman, 357 F.3d 338 (3d Cir.2004), delay in a collateral proceeding cannot itself be the basis for habeas corpus relief. Mason v. Meyers, 208 F.3d 414, 417 (3d Cir.2000). Further, regardless of the existence of the March 2000 petition, there was no delay in state court with regard to the claims at issue. Petitioner raised the claims in a motion to amend filed in November 2005, Judge James denied them in a January 2006 memorandum order and on February 15, 2006, just one day after petitioner filed a notice of appeal, the Superior Court issued a letter informing him that he needed to amend his certificate of service. Accordingly, petitioner's failure to exhaust is neither a basis for the writ nor a reason to excuse exhaustion.

Petitioner challenged Judge James's decision to characterize his November 2005 motion to supplement as a second PCRA petition and to deny it as untimely by pursuing an appeal in the Superior Court of Pennsylvania. Petitioner abandoned that appeal when he failed to respond to the Pennsylvania Superior Court's February 15, 2006 letter that instructed him to amend his proof of service. It is reasonable certain that the state courts are now closed to petitioner, but because petitioner had no federal constitutional right to the assistance of counsel in the appeal of a collateral attack on his conviction, petitioner alone is legally

17

responsible for the resulting procedural default of his claims. Slutzker v. Johnson, 393 F.3d 373, 379-80 (3d Cir.2004). A showing of a miscarriage of justice will excuse the procedural default of a claim, but outside the unique capital punishment context the miscarriage of justice exception ordinarily requires new and reliable physical, scientific, or eyewitness evidence that would persuade any rational juror that a petitioner could not have committed the crime for which he was convicted. See Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004), cert. denied, 543 U.S. 1070 (2005). Petitioner offers none.

C.

Petitioner's prosecutorial misconduct claim and related ineffective assistance of counsel claim raised in the November 2005 motion to supplement would also be untimely under AEDPA's one-year statute of limitations, 28 U.S.C.§ 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Subsections (1)(A), (1)(D), and (2) are relevant. Because petitioner's conviction became final prior to the effective date of AEDPA, Subsection (1)(A) gave him until April 23, 1997, to file a timely habeas petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998). Because petitioner's PCRA petition was pending, the limitations period was tolled under Subsection (2) until on or about June 25, 1998, when the thirty day period to pursue a petition for allowance of appeal with the Pennsylvania Supreme Court expired after the Superior Court affirmed the denial of PCRA relief on May 26, 1998. Swartz, 204 F.3d at 421-25. Petitioner's 1998 federal habeas petition did not statutorily toll the limitations period. In Duncan v. Walker, 533 U.S. 167, 181-82 (2001), a majority of the Supreme Court held that statutory tolling under Subsection (2) applies only to *state* petitions for post-conviction relief and that a previous federal habeas corpus petition that has been dismissed without prejudice for failure to exhaust does not toll the AEDPA statute of limitations for a later habeas petition. Even assuming petitioner filed the petition for a nunc pro tunc petition for allowance of appeal in March 2000, and that this somehow was a proper collateral attack on petitioner's conviction, the time to file a federal petition had run out by May 1999.

Of course, the state court's decision that the November 2005 motion to amend it must be treated as a new PCRA petition means that the March 2000 filing could not toll the limitations period. See Douglas v. Horn, 359 F.3d 257, 262-63 (3d Cir.2004); see also Satterfield v. Johnson, 434 F.3d 185, 194-95 (3d Cir.2006)(filings that are improper or untimely under state law are not properly filed applications). If the state courts had chosen to permit a nunc pro tunc petition for allowance of appeal or to review petitioner's claims notwithstanding their untimeliness under state law this court could do likewise, but "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (internal editing and quotations omitted).

Finally, Subsection (1)(D) provides that AEDPA's limitations period does not begin to run until the factual basis for the claim is known or would have been known if the petitioner had exercised due diligence. See Fielder v. Varner, 379 F.3d 113, 122 (3d Cir.2004). Petitioner's claims are based on a document filed as a public record in 1984. Disregarding the period of petitioner's direct appeal, petitioner could have raised this claim during the six years that his first PCRA petition was before Judge James, or during the five years and six months from the time this Court dismissed the 1998 federal habeas petition to the time

20

petitioner raised the prosecutorial misconduct and ineffective assistance of counsel claims in state court in his November 2005 motion.   Because I am interpreting AEDPA and not reviewing the parallel state court statute I am not bound by Judge James' finding that petitioner was not diligent, but I too conclude that petitioner was not diligent in pursuing his claims either prior to or subsequent to the 1998 federal habeas proceeding.   Neither the instant federal habeas petition, petitioner's Reply, nor the record before this Court indicates that he inquired about the status of his March 2000 petition, the request for counsel that he made therein, or his request for a continuation of his in forma pauperis status, between 2000 and 2005.   Accordingly, the new claims raised in 2005 are untimely.

Finally, equitable tolling does not save petitioner's new claims from the statute of limitations.   "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair."   Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir.1998) (internal citations, quotations, and punctuation omitted).   The Court of Appeals has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."   Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir.2005) (internal quotations, citations, and bracketed

21

text omitted).   A litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has exercised reasonable diligence in attempting to investigate and bring his claims, and (2) he was in some extraordinary way prevented from bringing his claims.   Lacava, 398 F.3d at 276-78; Pace v. DiGuglielmo, 544 U.S. at 418.   Petitioner does not allege any extraordinary circumstances which would have prevented him from timely discovery of the claims asserted here: he received the Application for Continuance upon which his claims are based simply by requesting his file from the Public Defender's Office. Moreover, the Application for Continuance was a document filed in the official court record located at the Common Pleas Court.  Yet petitioner did not advance the claims presented here in his first PCRA proceeding, even though both claims could have been presented to the state court during that proceeding.  Petitioner's argument that trial counsel (Rothey or Eyster) colluded with the prosecution by failing to raise the claims and PCRA appellate counsel (Reilly) failed to file an appeal from the Superior Court's denial of his PCRA petition does not warrant the application of equitable tolling.  The Court of Appeals has stated: "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.2001).

22

Petitioner may submit any evidence of extraordinary circumstances and reasonable diligence during the objection period provided by 28 U.S.C.§ 636, but on this record his petition is time-barred under 28 U.S.C. §2244(d)(1)(A) and should not be considered.

### III.

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (C)(2). When the denial of the petition is based on procedural grounds, the Supreme Court stated in Slack v. McDaniel, 529 U.S. at 484, that:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See also Perry v. DiGuglielmo, 169 Fed.Appx. 134, 136 (3d Cir.2006). Because there is no reasonable debate that on this record petitioner's claims are defaulted and untimely, no certificate of appealability should issue.

23

Pursuant to 28 U.S.C.§ 636(b)(1), the petitioner is given notice that he has ten days to file written objections to this Report and Recommendation.

DATE:_____23 April 2007_____          _____
                                      Keith A. Pesto,
                                      United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

        Geoffrey Adams AJ-2049
        S.C.I. Frackville
        1111 Altamont Blvd.
        Frackville, PA 17931-2699